UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STATE OF MINNESOTA, et al.,

      Plaintiffs,

v.

HILLMAR IVAN BITTNER,

      Defendant.

Civil No. 05-2392 (RHK/JSM)

**REPORT AND RECOMMENDATION**

---

The above-named Defendant, Hillmar Ivan Bittner, has filed a "Notice of Removal," seeking to remove this Minnesota state criminal case into federal court.  Defendant did not tender any filing fee with his Notice of Removal, but instead filed an application for leave to proceed in forma pauperis, ("IFP"), which must be addressed before this action proceeds any further.

The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court finds that removal is not permissible in this case.  The Court will therefore recommend that Defendant's IFP application be denied, and that this case be summarily remanded to the state court where it was initiated.

## I.    BACKGROUND

It appears from Defendant's submissions that this action is a criminal prosecution that was brought against Defendant by the State of Minnesota in the state district court for Olmsted County, Minnesota.  Defendant apparently has been charged with eight (8) counts of "harassment," and eight (8) counts of "simulating legal process."

Defendant's Notice of Removal indicates that he is "a registered lineal descendant of the Pembina Nation - Little Shell Band of North America – an Indigenous man of North America."  The Notice of Removal vaguely alleges that the State of Minnesota, and it's political subdivisions, agencies and employees, are somehow violating Defendant's rights under federal law, the Constitution, and one or more Indian treaties.  In addition, Defendant claims that, during the course of this State criminal proceeding, he has been "assaulted," "robbed," "unlawfully detained," subjected to "piracy" and "identity theft," and deprived of his First Amendment rights.  The Notice of Removal does not identify who allegedly committed those transgressions, or how they allegedly occurred.

Defendant apparently wants the federal court to either enjoin or dismiss the state criminal prosecution that has been brought against him.  Beyond that, however, it is difficult to discern what Defendant is attempting to accomplish, or why he believes removal is an appropriate means to pursue his objectives, because most of his "Notice of Removal" is simply too vague and conclusory.

## II.  DISCUSSION

When a party attempts to remove an action to federal court, he or she normally must pay the same $250 filing fee that is collected by the Clerk of Court when a new federal court case is opened.  28 U.S.C. § 1914(a).  In this case, Defendant did not tender the $250 filing fee when he presented his "Notice of Removal" to the Clerk, but instead filed an IFP application asking, in effect, to be excused from paying the filing fee pursuant to 28 U.S.C. § 1915(a).  Although § 1915(a) does not expressly refer to removal proceedings, the Court has no doubt that IFP status can be granted -- if warranted -- in such proceedings.

An IFP application will be denied, however, and the action will be dismissed, if the party seeking IFP status has filed a pleading or petition that is legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A submission is "frivolous," and is therefore subject to summary dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also, Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990) (a claimant will be denied IFP status if he has not demonstrated "any rational argument in law or fact entitling him to relief"). In Headd v. Headd, No. 94-1001 (8th Cir. 1994), 1994 WL 558185, (unpublished opinion), the Eighth Circuit Court of Appeals upheld the district court's denial of IFP status, and dismissal of a petition for removal, where the IFP applicant's attempt to remove a state court action to federal court was found to be frivolous. For the reasons discussed below, the Court finds Defendant's present removal effort to be frivolous.

A state criminal case can be removed to federal court, but only under the narrow sets of circumstances described at 28 U.S.C. §§ 1442, 1442a and 1443. Section 1442 allows removal of certain types of state criminal cases where the defendant is the United States, or an agency or officer of the United States. Section 1442a permits members of the United States armed services to remove criminal cases to federal court under certain circumstances. Nothing in Defendant's submissions suggests that he might be entitled to removal under either of those two statutes.

Section 1443, which Defendant has cited in his Notice of Removal, provides for removal in criminal cases involving certain civil rights issues. This statute reads as follows:

> "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is

3

pending:

>  (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
>  (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

Defendant apparently believes that he is being deprived of his "equal civil rights" under federal law or the Constitution, and that he is therefore entitled to remove this state criminal case pursuant to § 1443.  That reasoning, however, is precluded by the Supreme Court's decisions in Georgia v. Rachel, 384 U.S. 780 (1966) and City of Greenwood v. Peacock, 384 U.S. 808 (1966).

In Rachel, the Court held that removal of state criminal cases pursuant to § 1443 is proper only in certain types of cases involving racial discrimination.  384 U.S. at 792 ("we conclude that the phrase 'any law providing for... equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality").  According to Rachel, a defendant seeking removal under § 1443(1) "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997).  See also United States ex rel. Sullivan v. State, 588 F.2d 579, 580 (8th Cir. 1978) (per curiam) ("[s]ection 1443 applies only to denials of specific rights of racial equality and not the whole gamut of constitutional rights").

Applying Rachel here, the Court finds that Defendant cannot remove this action under § 1443, because he has not shown, (or even alleged), that he is being prosecuted in violation of a specific statute barring racial discrimination.  Although Defendant has

4

alleged that he is a Native American, he has not described any specific facts or circumstances showing that he has been discriminated against, during the course of his criminal case, based on his race and in violation of some particular anti-discrimination law.

In City of Greenwood, (a companion case to Rachel), the Supreme Court held that even where racial discrimination is specifically alleged, the right of removal does not automatically follow.  As explained by the Court:

> "it is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.  The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights.  The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial.  Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

384 U.S. at 827-28 (initial emphasis in original; subsequent emphasis added.)

The Eighth Circuit Court of Appeals has explained that, according to City of Greenwood, "removal is warranted only where it can be clearly predicted by reference to some formal expression of state law that the petitioner cannot enforce his rights in the state courts."  United States ex rel. Sullivan, 588 F.2d at 580.  In this case, Defendant has not met the City of Greenwood requirement, because he has not identified any "pervasive and explicit state or federal law" that will "inevitably" cause him to be deprived of some particular federally protected right by the mere fact of his criminal prosecution.

5

Because Defendant is unable to satisfy the requirements set forth in <u>Rachel</u> and <u>City of Greenwood</u>, this action cannot be removed pursuant to 28 U.S.C. § 1443.  <u>See</u> <u>State of Minnesota v. Jenkins</u>, No. 04-4070 (8th Cir. October 12, 2005), 2005 WL 2511044 (unpublished opinion) at *1 (District Court properly remanded Minnesota state criminal action to the state court, because defendant "failed to show sufficient grounds to support his invocation of section 1443") (citing <u>Rachel</u> and <u>City of Greenwood</u>).

Defendant will, of course, retain the entire array of protections afforded by federal law and the United States Constitution during the prosecution of his state criminal case. However, the Minnesota state courts, (including, if necessary, the state appellate courts), are fully capable of ensuring that he receives all of those protections.  <u>See</u> <u>City of Greenwood</u>, 384 U.S. at 828 ("the vindication of the defendants federal rights is left to the state courts except in ... rare situations"); <u>see also</u> <u>United States ex rel. Sullivan</u>, 588 F.2d at 580 ("[w]e are confident that [the defendant's] constitutional claims will receive careful consideration in the state courts").  If Defendant believes, after exhausting his state appeal rights, that the state courts have not upheld his federally protected rights, he may seek relief in the United States Supreme Court by filing a petition for writ of certiorari.  <u>See</u> Sup. Ct. R. 10; <u>see also</u>, <u>City of Greenwood</u>. 384 U.S. at 828-30.  He cannot, however, seek removal under § 1443(1).[1]

---

[1] <u>City of Greenwood</u> also shows that Defendant is precluded from seeking removal under § 1443(2).  That portion of the statute, the Court held, is available only to federal and state officers.  384 U.S. at 824, n. 22.

III.    **CONCLUSION**

Removal of a state criminal case is permissible only when authorized by 28 U.S.C. §§ 1442, 1442a or 1443.  This action is not removable under § 1442 or § 1442a, because it does not appear that Defendant is an officer or employee of the United States or a present member of the United States armed forces; and the case is not removable under § 1443, because the requirements of <u>Rachel</u> and <u>City of Greenwood</u> are not met.  Thus, the Court concludes that there is no arguable basis in fact or law for removing this action to federal court, and that Defendant's attempt to do so is therefore frivolous.  It follows that Defendant's IFP application must be denied, his "Notice of Removal" must be vacated, and this action must be remanded to the state court from which it was removed.  <u>See</u> 28 U.S.C. § 1446(c)(4).[2]

IV.    **RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Defendant's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No 2), be DENIED;

2.  Defendant's "Notice Of Removal," (Docket No. 1), be vacated; and

---

[2] 28 U.S.C. § 1446(c)(4) provides that --

"The United States district court in which such notice [of removal of a criminal case] is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

7

3.   This matter be remanded to the State District Court for Olmsted County, Minnesota.


Dated:      October 25, 2005              *s/ Janie S. Mayeron*
                                          JANIE S. MAYERON
                                          United States Magistrate Judge



Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 14, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.